IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN S. PENROD, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| vs. | ) | Civil No. 07-CV-002-JPG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Criminal No. 03-CR-40024-JPG |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner John S. Penrod's motion for a free copy of the docket sheet in his case (Doc. 13). Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). This includes a copy of the docket sheet of their case. Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

In this case, Penrod is not represented by counsel, so there is no counsel from which he could request a docket sheet. He has not, however, shown that he is financially unable to pay the

cost of a copy of his docket sheet.  The public docket sheet for this case is two pages long, and at $.50 per page, the total cost would only be $1.00.  If Penrod tenders $1.00 to the Clerk of Court (or $1.50 if a few more events are docketed), he will gladly send Penrod a copy of his docket sheet.  Finally, Penrod has not shown that the docket sheet is necessary for the preparation of his reply brief.  The Court assures Penrod that his address has been changed to reflect his current BOP assignment.  As for the status of the case, Penrod has been sent copies of all public filings and should be able to assess the status of the case from that information.  The docket sheet he seeks would not reflect non-public events such as *ex parte* submissions for *in camera* review.  Finally, Penrod's general statement that he "needs a more recent copy of the docket sheet to be able to make informed, intelligent, and effective responsive pleadings and or case dispositive motions," is insufficient to explain why Penrod needs a docket sheet at this stage of the case.

For the foregoing reasons, the Court **DENIES** the motion (Doc. 13).

**IT IS SO ORDERED.**
**DATED:  November 16, 2007**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**